IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAURICE BALDWIN,

        Petitioner

VS.

DONALD BARROW, WARDEN,

        Respondent

NO. 5:07-CV-364 (MTT)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner Maurice Baldwin has filed the above-captioned petition seeking federal habeas corpus relief, alleging three (3) grounds as the basis for his claims. Tab #1. Respondent Donald Barrow has filed an answer/response to the petition. Tab #5. After careful consideration, the undersigned recommends that the petition be **DENIED**.

## PROCEDURAL HISTORY

On April 8, 1996, petitioner Baldwin was indicted by a Twiggs County, Georgia grand jury for the offense of child molestation. Following a bench trial, he was convicted. On November 25, 1996, he was sentenced to fifteen (15) years with three (3) years to serve and the remainder on probation.

A petition for revocation of the petitioner's probation was filed on February 3, 2005. The petition alleged that the petitioner had committed the offense of possession of cocaine with intent to distribute. Following a February 9, 2005 evidentiary hearing, the petitioner's probation was revoked in full. During a hearing held on April 6, 2005, the court advised the petitioner of his right to file a habeas corpus petition and his right to appeal the revocation. The petitioner then sought discretionary appeal of the revocation. The Georgia Court of Appeals denied the petitioner's application. *Baldwin v. State*, No. A05D0307 (Ga. App. May 20, 2005). Thereafter, the petitioner filed a **state** habeas corpus petition challenging the revocation.

In this first <u>state</u> habeas corpus petition, the petitioner raised the following ten (10) grounds:

1. *ineffective assistance of revocation counsel in that counsel was not prepared;*

2. *illegal search and seizure in that evidence was seized without a warrant;*

3. *improper use of authority in that the judge allowed hearsay testimony by a police officer and a probation official who did not supervise him was allowed to recommend a full revocation;*

4. *perjury of State witnesses;*

5. *denial of the right to appeal in that he was not advised of his right to appeal the revocation until April 6, 2005;*

6. *judicial bias in that the judge commented on the lack of time given to him in 1996;*

7. *conflict of interest in that the judge who presided over the revocation also presided over his divorce and that the prosecutor from 1996 represented him as a public defender at the April 6, 2005, where he was advised of his appellate rights;*

8. *prosecutorial misconduct in that the prosecution ignored evidence introduced by his counsel on May 14, 2004, of a confession by Kenneth Gray;*

9. *impeachment of State's witnesses and their testimony in that two officers made false statements;*

10. *false imprisonment in that he was illegally arrested.*

The <u>state</u> habeas corpus court denied relief. It held that petitioner Baldwin had failed to establish that his counsel was ineffective and had failed to satisfy his burden of proof on his remaining claims. In response, the petitioner filed an application for certificate of probable cause in the Georgia Supreme Court. This application was subsequently denied. *Baldwin v. Barrow*, No. S06H1824 (Ga. February 5, 2007)

While the above application was still pending, the petitioner filed a second <u>state</u> habeas corpus petition. In this second <u>state</u> petition, he raised four (4) grounds for relief:

1. *ineffective assistance of revocation counsel for withholding exculpatory evidence of a confession;*

2. *actual innocence of the probation violation;*

3. *prosecutorial misconduct for withholding exculpatory evidence of the confession during the revocation hearing;*

4. *double jeopardy in that there were multiple modifications of the probation.*

After this second <u>state</u> petition was denied, he filed the instant <u>federal</u> petition. Therein, he presents the following three (3) grounds for relief, to-wit:

1. *ineffective assistance of revocation counsel in that counsel "subjected the petitioner to self-compulsory incrimination;"*

2. *ineffective assistance of revocation counsel in that counsel abandoned his adversarial role thus denying the petitioner "due process and his Sixth Amendment right to a fair hearing;"*

3. *an arbitrary and capricious denial of the petitioner's right to appeal during the February 9, 2005 and April 6, 2005 hearings;*

Following service, respondent Barrow filed an answer, a supporting brief, and several exhibits. In his brief, respondent Barrow addressed each of the petitioner's grounds on the merits and concluded that each ground either failed to state a claim or was new but procedurally defaulted. Consequently, he contends that relief should be denied and the instant petition dismissed. The undersigned agrees.

## **LEGAL STANDARDS**

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

Moreover, this Court presumes that determinations of a fact made by a state court are correct absent clear and convincing evidence to the contrary. Finally, where a petitioner has failed to develop the factual basis of his claims in state court proceedings, this Court will not hold an evidentiary hearing on the claim unless the petitioner shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

# **DISCUSSION**

### GROUNDS ONE AND TWO

In ground one, petitioner Baldwin alleges that his revocation counsel was ineffective. More specifically, he contends that his counsel, rather than challenging a forensic chemist's test report, improperly stipulated that the suspected drugs seized at the time of the petitioner's arrest were, in fact, cocaine. The petitioner then asserts that, but for this alleged error, his probation would not have been revoked.

In ground two, which the petitioner also terms as ineffective assistance of counsel, he contends that the physical evidence (i.e. cocaine) used against him in his revocation hearing was the product of an illegal search. More specifically, he claims that, contrary to testimony offered by the State's witnesses, he never gave consent to search and that, even if he had, he was not the owner of the building wherein the alleged drugs were found. For this reason, he argues that, in addition to the allegations of ground one, his counsel was ineffective for failing to object to and/or demand that any testimony describing the alleged drugs as cocaine be stricken.

In response, the respondent avers that the claims set forth in the above grounds were not previously raised by the petitioner. As such, the respondent contends that these claims are new but procedurally defaulted under Georgia's successive petition rule. O.C.G.A. § 9-14-51, *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). The undersigned agrees.

While it is clear that the petitioner raised several claims involving the alleged ineffectiveness of his revocation counsel's performance within his two <u>state</u> habeas corpus petitions, the particular claims set out in the above grounds are new. Thus, and in the absence of any indication that these claims could not have been raised by the petitioner's in his two <u>state</u> habeas corpus actions, it is clear that the first two grounds are procedurally defaulted and must fail. Moreover, the undersigned notes that even if the petitioner's first two grounds were not procedurally defaulted, a review of the record in this case evinces that neither ground contains claims that could meet the standard for demonstrating ineffective assistance of counsel set forth by the United States Supreme Court in the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

GROUND THREE

In ground three, the petitioner claims that the revocation court's delay in informing about his appellate rights constitutes an arbitrary and capricious denial of his right to appeal. According to the petitioner, this failure constitutes a violation of his due process and equal protection rights.

In response, the respondent confirms that the revocation court did, in fact, fail to inform the petitioner of his right to seek a discretionary appeal at the February 9, 2005 hearing, and, on April 6, 2005, only advised the petitioner of his right to file a habeas corpus petition. Despite this apparent error, the respondent argues that the claim nevertheless fails to allege a violation of "clearly established Federal law" within the meaning of 28 U.S.C. § 2254(d). This, according to the respondent, is because there simply is no currently recognized federal constitutional right to a state direct appeal. The undersigned agrees.

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" means "whatever would qualify as an old rule" under *Teague v. Lane*, 489 U.S. 288 (1989). The "one caveat" is that "§ 2254(d)(1) restricts the source of clearly established law" to the Supreme Court's jurisprudence. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). See also *Van Poyck v. Fla. Dept. of Corr.*, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) ("only Supreme Court precedent can clearly establish the law"). The phrase "clearly established Federal law" also refers to holdings, as opposed to dicta, of the Supreme Court as of the time of the relevant state court decision. *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The United States Constitution does not give a defendant the right to a direct appeal. *See*, e.g., *Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); *Ross v. Moffitt*, 417 U.S. 600, 606 (1974) ("a State is not required to provide any appeal at all for criminal defendants"); *State v. Thomas*, 260 Ga. 262, 263, 392 S.E.2d 520 (1990) ("Nothing in the State or Federal Constitution grants a defendant a right to appellate review."). Furthermore, neither *Morrisey v. Brewer*, 408 U.S. 471 (1972), nor *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), have created a right to appeal a probation revocation. Thus, since it appears that petitioner Baldwin has not even alleged a violation of a recognized federal constitutional right in ground three, it is clear that this ground must also fail.

## CONCLUSION

In view of the above, and after carefully reviewing the record in case and the arguments of the parties, it is apparent that petitioner Baldwin's petition must fail. This conclusion is evinced by the fact that the petitioner's stated grounds are insufficient to raise or fail to even present a federal question and/or are procedurally defaulted. Accordingly, **IT IS THE RECOMMENDATION** of the undersigned that the petition of Maurice Baldwin for relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of AUGUST, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE