# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MAURICE BALDWIN | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:07-CV-364 (MTT) |
| DONALD BARROW, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Recommendation (Doc. 9) of United States Magistrate Judge Claude W. Hicks, Jr. The Magistrate Judge recommends denying the Petitioner's petition seeking federal habeas corpus relief (Doc. 1) because the Petitioner's stated grounds for relief either fail to present a federal question or are procedurally defaulted. The Petitioner did not file an objection to the Recommendation.

The Petitioner's first two grounds for relief contain allegations of ineffective assistance of counsel. Although the petitioner also made allegations of ineffective assistance of counsel in two prior *state* habeas corpus petitions, the particular claims set out in the *federal* habeas corpus petition are new. Pursuant to O.C.G.A. § 9-14-51, also known as Georgia's successive petition rule, "[a]ll grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief

asserted therein which could not reasonably have been raised in the original or amended petition." Thus, because there is no indication that the Petitioner's new claims of ineffective assistance of counsel could not have been raised by the Petitioner in his two *state* habeas corpus actions, the first two grounds are procedurally defaulted and must fail.

The Petitioner's third ground for relief alleges a violation of the Petitioner's due process and equal protection rights stemming from an alleged denial of Petitioner's "right to appeal." Pursuant to 28 U.S.C. § 2254(d)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Because neither the United States Constitution nor Supreme Court precedent has established a "right to a direct appeal," or more specifically, a right to appeal a probation revocation as is alleged here, it appears that the Petitioner has not alleged a violation of clearly established federal law. See *Ross v. Moffitt*, 417 U.S. 600, 606 (1974) (holding that "a State is not required to provide any appeal at all for criminal defendants"). Accordingly, this ground for relief must also fail.

For the reasons set forth above, the Recommendation is adopted and made the order of this Court. The petition of Maurice Baldwin for habeas corpus relief under the provisions of 28 U.S.C. § 2254 is **DENIED**.

**SO ORDERED**, this 30th day of September, 2010.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT